CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
Thomas H. Munday, owning only personal property, bequeathed the whole of it, of the value of about fifteen hundred dollars, to his unmarried sister, Sarah G-. Munday, without giving to his only and motherless child, Narcissa, then eleven months old, anything; but requesting Sarah, who had kept and nursed Narcissa from her mother’s death, only a few days after her birth, to continue to keep her until her womanhood or death. Narcissa by her next friend contested the probate of the will, but failed on an appeal to the circuit court, in which a verdict and judgment established its validity; and from that judgment she appeals to this court.
The only objection made to the will is its apparent unreasonableness, which is urged by the appellant’s eloquent counsel as intrinsic proof of the want of a self-poised and disposing mind, and as outweighing the uncontradicted testimony of the subscribing witnesses, both attendant physicians, who testified with unhesitating confidence that the testator was clearly competent, dictated the provisions of the will, corrected an omission overlooked by the draftsman, heard it read as corrected, then subscribed his name to it, embracing and kissing Narcissa; said she was that day eleven months old; and assigned as the reason for the legacy to his sister and the pretermission of his child the paucity of the bequest as compensation for the enjoined service, and the fact that the child would be entitled to her mother’s estate, real and perhaps personal.
On these facts this court, whatever it may think of the prudence or natural justice of such a will, can not reverse the judgment unless it could decide on its face that it stultifies the testator; and this we can not adjudge.
*493 Even the charge of unnatural inequality and destitution of parental regard is mitigated if not repelled by the testator’s explanations; and though he has not expressly secured the fulfillment of the heavy trust confided to the legatee, yet by her renunciation or failure faithfully to perform at any time the property bequeathed for requital might revert to the appellant.
~We feel constrained therefore to affirm the judgment on the verdict.